**GINSBURG & ASSOCIATES**
A PROFESSIONAL LAW CORPORATION
BY: BRUCE MARTIN GINSBURG
IDENTIFICATION NO: 22187
2112 WALNUT STREET
PHILADELPHIA, PA 19103
(215) 564-4400

FILED
APR 16 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

ATTORNEYS FOR PLAINTIFFS

STEPHEN FORMAN and
BEVERLY FORMAN H/W
1010 Madison Lane
Newtown Square, PA. 19073
    Plaintiff

  v.

STATE FARM FIRE and CASUALTY
COMPANY
One State Farm Drive
Concordville, PA. 19339

    Defendants.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

No.: 10   1698

## COMPLAINT
### PARTIES

1. Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN, are husband and wife, as well as adult individuals, who reside at 1010 Madison Lane, Newtown Square, PA. 19073.

2. Defendant, STATE FARM FIRE and CASUALTY, (Hereinafter "STATE FARM"), is a licensed insurance carrier, in the Commonwealth of Pennsylvania, NAIC#: 25143, which is domiciled in the State of Illinois, who may be served at One State Farm Drive, Concordville, PA 19339.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between - (1) citizens of different States.

5. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the United States District Court for the Eastern District of Pennsylvania because the Eastern District of Pennsylvania is where a substantial part of the events or omissions giving rise to the claim occurred.

6. The amount in controversy does exceed $75,000.00.

7. Plaintiff hereby demands a trial by jury.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all times material to the events described in this Complaint, Plaintiff, STEPHEN FORMAN, was the operator of a Honda Accord automobile bearing PA. tag numbe GPM3856 and insured by Defendant, STATE FARM, Policy #75-0987-E01-38H, under the terms of conditions of the insurance policy regarding *temporary substitute car.*

9. On or about June 12, 2007, at or near Tilton Road at or near its intersection with Cresson Avenue, in Northfield, New Jersey, Plaintiff, STEPHEN FORMAN, was involved in a motor vehicle collision that was caused by a phantom vehicle which swerved in between lanes and caused Plaintiff, STEPHEN FORMAN, to strike a vehicle operated by John Manfredi.

## FIRST PARTY BENEFITS
## STEPHEN FORMAN v. STATE FARM

10. Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN, incorporates by reference paragraphs 1 through 9, as fully as though each was set forth herein at length.

11. At the time of the accident, Plaintiff, STEPHEN FORMAN, was insured by Defendant, STATE FARM, Policy Number #75-0987-E01-38H.

12. Plaintiff, STEPHEN FORMAN, filed an Application for Benefits in the time required by the Pennsylvania Motor Vehicle Financial Responsibility Act 75 Pa C.S.A. § 1701,

et seq., to the Defendant, STATE FARM.

13. Following the accident, Plaintiff, STEPHEN FORMAN, gave timely and reasonable notice of same to Defendant, STATE FARM, and completed all the necessary forms required by Defendant and in all ways complied with all the conditions contained in 75 Pa. C.S.A. § 1701 et. seq.

14. Subsequently, Plaintiff, STEPHEN FORMAN, did give timely and reasonable notice of same to Defendant, STATE FARM, and submitted to the Defendant reasonable proof of the fact of the loss and the amount of the loss and expenses incurred.

15. As a result of aforesaid accident, Plaintiff, STEPHEN FORMAN, sustained certain expenses including, but not limited to medical expenses all of which are reasonable and necessary and related to the accident aforesaid which to date are as follows:

| **PROVIDER** | **DATES OF TREATMENT** | **AMOUNT** |
|---|---|---|
| Dr. Leslie Bankoff | 06/14/2007 – 01/18/2008 | $    9,763.00 |
| Philadelphia Orthopedic Group | 06/19/2007 – 12/01/2008 | $    1,772.00 |
| Neurosurgical Associates | 06/26/2007 – 12/06/2007 | $       358.52 |
| Global Medical Solutions | 07/30/2007 | $       285.00 |
| Riddle Memorial Hospital | 07/31/2007 – 08/03/2007 | $122,510.26 |
| Society Hill Anesthesia Consultants | 07/31/2007 | $    1,680.00 |
| Riddle Memorial Physicians | 07/31/2007 – 08/01/2007 | $    8,100.00 |
| Riddle Healthcare Services | 10/02/2007 – 10/10/2007 | $       683.00 |
| Rehab. Physicians – Herbert Avart | 10/11/2007 | $       725.00 |
| Radiology Associates of Venice | 09/04/2008 – 02/28/2008 | $    1,346.39 |
| Florida West Coast PT & Rehab. | 10/29/2007 – 01/28/2009 | $    1,164.78 |
| Dr. David Haber | 11/08/2007 – 12/12/2007 | $    1,153.38 |
| Orthopedic Center of Venice | 03/11/2008 | $       312.40 |
| Main Line Hospital | 11/21/2008 | $TBS |
| Axcess Diagnostics | 05/08/2009 | $TBS |
| Total | | $151,316.53 |

16. Defendant, STATE FARM, has wrongfully refused to pay Plaintiff's, STEPHEN FORMAN, medical expenses and other "allowable expenses."

3

17. As a direct result of Defendant's wrongful conduct and breach of the contract of insurance, Plaintiff, STEPHEN FORMAN, has been forced to suffer a severe economic loss and has been or may be deprived of the necessary medical treatment.

18. On behalf of the Plaintiff, STEPHEN FORMAN, the attorney for the Plaintiff performed services for which claim can be made in accordance with the applicable provisions in the Act as hereinbefore set forth.

19. Defendant, STATE FARM, has unreasonably refused to continue to pay plaintiff's bills and therefore preventing plaintiff from submitting his medical bills and getting his bills timely paid or acknowledged as First Party Benefits.

20. In accordance with 42 Pa. C.S.A. Section 2503, Plaintiff, STEPHEN FORMAN, is entitled to submit a claim for counsel fees based upon the conduct evidenced by Defendant, STATE FARM, said plaintiff reserves the right to submit this claim at the time of trial.

**WHEREFORE**, Plaintiff, STEPHEN FORMAN, demands judgment against Defendant, STATE FARM pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law in excess of Seventy five Thousand ($75,000.00) Dollars, plus interest, cost of suit, attorney's fees and other relief this Honorable Court deems to just and proper.

### UNINSURED MOTORIST BENEFITS
### STEPHEN FORMAN and BEVERLY FORMAN v. STATE FARM

21. Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN , incorporates by reference paragraphs 1 through 20, as fully as though each was set forth herein at length

22. Defendant, STATE FARM'S, policy was sold to Plaintiffs with Uninsured and Underinsured Motorist benefits in the amount of $250,000.00/500,000.00 per accident; Policy #75-0987-E01-38H.

23. An Uninsured Motorist claim was presented to the Defendant, STATE FARM,

however, Plaintiffs and Defendant, STATE FARM, have been unsuccessful in amicably adjusting Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN'S, claim.

24. On or about June 12, 2007, the aforesaid policy of automobile insurance, including the provisions for payment of Uninsured Motorist benefits were in full force and effect. On that date, the Plaintiff was covered by said insurance policy.

25. Upon allegation by State Farm and subject to demand for proof this action must be adjudicated by litigation.

26. The conduct of the Defendant, STATE FARM, violated 42 Pa.C.S. § 8371 by not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear.

27. As a result of the breach of duty by the Defendant, Plaintiffs will sustain, without the court's intervention and aid, substantial damage and loss to the extent of Plaintiff's injuries, pain and suffering, disability and other damages.

**WHEREFORE**, Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN, demands judgment against the Defendant, STATE FARM in excess of Seventy five Thousand ($75,000.00) for such actual damages, interest, costs of suit and counsel fees and such other relief as this Court deems just and equitable to reasonably and fairly compensate him in accordance with the laws of the Commonwealth of Pennsylvania.

## BAD FAITH
## STEPHEN FORMAN and BEVERLY FORMAN v. STATE FARM

28. Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN , incorporates by reference paragraphs 1 through 27, as fully as though each was set forth herein at length

29. The conduct of the Defendant, STATE FARM, violated 42 Pa.C.S. § 8371 by failing to acknowledge and act with reasonable promptness upon communication with respect

to the claims arising under the aforesaid insurance policy.

30. The conduct of the Defendant, STATE FARM, violated 42 Pa.C.S. § 8371 by not attempting in "good faith" to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

31. The conduct of the Defendant, STATE FARM, violated 42 Pa.C.S. § 8371, compelling insured to institute litigation to recover amounts due under his insurance policy by failing to offer a reasonable and fair amount of benefits to compensate Plaintiff for the injuries and damages he sustained in the collision.

32. The conduct of the Defendant, STATE FARM, violated 42 Pa.C.S. § 8371 by attempting to settle a claim for less than the amount which a reasonable person would have believed they were entitled to by reference to written or printed advertising material accompanying or made part of an application for motor vehicle insurance coverage in the Commonwealth of Pennsylvania.

33. The conduct of the Defendant, STATE FARM, in addition to amounting to tortuous conduct, amounted to breach of the duty of good faith, fair dealing and fraud and said conduct also amounts to unlawful and unfair business acts or practices calculated to deceive the public requiring the Plaintiff to resort to relief to compel said party to stop using said unlawful, unfair and fraudulent practices.

34. By the use of said unlawful, unfair and fraudulent acts and practices as herein alleged, Defendant, STATE FARM, has unfairly profited by fraudulent denials of legitimate claims, in that to the extent they did not pay the claimant's rightful benefits to which he is entitled, then Defendant is obligated to:

    a. Disgorge any unlawful profits; and
    b. To pay the claims they have fraudulently and in bad faith denied the Plaintiff.

**WHEREFORE**, Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN, demands judgment against the Defendant, STATE FARM in excess of Seventy five Thousand ($75,000.00)

a. For such sums of money as may reasonable and fairly compensate Plaintiff STEPHEN FORMAN, in accordance with the laws of the Commonwealth of Pennsylvania, together with interest and costs of suit;

b. Award interest on the amount of the claim from the date the claim was made Plaintiffs, STEPHEN FORMAN and BEVERLY FORMAN, in an amount equal to the prime rate of interest plus 3%.

c. Award punitive damages against Defendant STATE FARM.

d. Assess court costs and attorney fees against Defendant STATE FARM as it deems just and reasonable.

**GINSBURG & ASSOCIATES**

BY: *[signature]*
BRUCE MARTIN GINSBURG
Attorney for Plaintiffs

Dated: April 13, 2010

## VERIFICATION

Plaintiff verifies that the statements made in this pleading are true and correct to the best of plaintiff's knowledge, information and belief. To the extent that the pleading contains averments of law and language of counsel and results of investigation, plaintiff has relied on counsel. Plaintiff understands that false statements herein are made subject to penalties of 18 Pa. §4904, relating to unsworn falsification to authorities.

X _____

## VERIFICATION

Plaintiff verifies that the statements made in this pleading are true and correct to the best of plaintiff's knowledge, information and belief. To the extent that the pleading contains averments of law and language of counsel and results of investigation, plaintiff has relied on counsel. Plaintiff understands that false statements herein are made subject to penalties of 18 Pa. §4904, relating to unsworn falsification to authorities.

X _____